F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 8 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00571-BNB

JONATHAN C. BROWN,

    Petitioner,

v.

UNITED STATES,

    Respondent.

## ORDER OF DISMISSAL

    Petitioner, Jonathan C. Brown, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Buena Vista, Colorado. He initiated this action by filing *pro se* a document titled "Petition to Vacate and Release," letter, and copy of a letter he received from a deputy clerk of this Court.

    In an order filed on March 14, 2011, Magistrate Judge Boyd N. Boland directed Mr. Brown to cure certain deficiencies if he wished to pursue his claims. Specifically, the March 14 order directed Mr. Brown to submit a habeas corpus application that named the proper Respondent. The order noted that Mr. Brown did not indicate whether he was challenging the validity of his conviction, in which case he should file his claims on a Court-approved form used in filing a 28 U.S.C. § 2254 action, or whether he was challenging the execution of his sentence, in which case he should file his claims on a Court-approved form used in filing a 28 U.S.C. § 2241 action. Therefore,

Magistrate Judge Boland directed the clerk of the Court to provide Mr. Brown with both forms and directed Mr. Brown to complete and return the form appropriate for his asserted claims, but not to complete and return both forms.

The March 14 order also directed Mr. Brown either to pay the $5.00 filing fee for a habeas corpus action or to file on the Court-approved form a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action. Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires such a motion. Lastly, the order warned Mr. Brown that if he failed to cure the designated deficiencies within the time allowed the petition would be denied and the action would be dismissed without further notice. On April 13, 2011, in response to Mr. Brown's request for an indefinite extension of time to cure the designated deficiencies until the Colorado Supreme Court ruled on his pending motions, the Court entered a minute order denying the request for an indefinite stay but granting Mr. Brown thirty days to cure the deficiencies designated in the March 14 order to cure.

Mr. Brown has failed to cure the designated deficiencies within the time allowed or otherwise to communicate with the Court in any way. Therefore, the petition will be denied and the action dismissed without prejudice for failure to cure the deficiencies designated in the March 14 order to cure, and for Mr. Brown's failure to prosecute.

Accordingly, it is

ORDERED that the habeas corpus petition is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Petitioner, Jonathan C. Brown, to cure the deficiencies designated in the March 14, 2011, order to cure, and for his failure to prosecute.

DATED at Denver, Colorado, this 18th day of May, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00571-BNB

Jonathan Carlos Brown
Prisoner No. 80218
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
  /Deputy Clerk